25-1228
*Vazquez v. Blanche*

BIA
Straus, IJ
A206 289 794/795

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

Present:

GERARD E. LYNCH,
WILLIAM J. NARDINI,
MYRNA PÉREZ,
    *Circuit Judges*.

_____

JULIA VAZQUEZ, GUSTAVO VAZQUEZ-MARTINEZ,

    *Petitioners*,

        v.                                                          25-1228

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

    *Respondent*.

_____

For Petitioners:          GLENN L. FORMICA, Formica, P.C., New Haven, CT

For Respondent:          SUNAH LEE, Senior Trial Attorney, Office of Immigration Litigation (Brett A. Shumate, Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation, *on the brief*), Civil Division, United States Department of Justice, Washington, DC

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioners Julia Vazquez and Gustavo Vazquez-Martinez, natives and citizens of Mexico, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying their applications for cancellation of removal. *In re Vazquez*, Nos. A 206 289 794/795 (B.I.A. Apr. 17, 2025), *aff'g* Nos. A 206 289 794/795 (Immigr. Ct. Hartford May 6, 2019).[1] In 2017, after being placed in removal proceedings, Petitioners applied for cancellation of removal, arguing that their removal would result in exceptional and extremely unusual hardship to their U.S. citizen children under Section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1). The IJ denied their applications, concluding that while Petitioners met the requisite physical presence and good moral character requirements of § 1229b(b)(1), they failed to show that their children would suffer exceptional and extremely unusual hardship upon Petitioners' removal. The BIA affirmed and this petition followed. We assume the parties' familiarity with the case.

We review the IJ's denial of cancellation as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Cancellation of removal is discretionary relief available to nonpermanent residents who, as relevant here, "establish[] that removal would result in exceptional and extremely unusual hardship to [a] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). Our jurisdiction to review a denial of cancellation is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D). The application of the hardship standard to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

established facts is a reviewable question of law. *Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024). By contrast, the underlying factual findings, such as "credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable." *Id.* at 225. And "[a] challenge to the agency's weighing of the evidence, or the logic it employed in drawing inferences from it, no less than a challenge to the factual findings that result from such analysis, raises questions of fact . . . ." *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 340 (2d Cir. 2025). A question of law may arise, however, if "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). In the context of hardship determinations, we review mixed questions of law and fact for clear error. *See Toalombo Yanez v. Bondi*, 140 F.4th 35, 40–45 (2d Cir. 2025) (holding that clear-error standard of review applies to hardship determinations).

The IJ rejected Petitioners' claim of hardship and in doing so cited the BIA's opinion in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (B.I.A. 2001). In that case, the BIA explained that "exceptional and extremely unusual hardship" requires a showing of hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Id.* at 62. For example, a "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school." *Id.* at 63. However, "[a] lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64.

Petitioners argue that the IJ erred by evaluating their claim in light only of *Monreal-Aguinaga*, and not of the BIA's subsequent decisions in *In re Andazola-Rivas*, 23 I. & N. Dec. 319

3

(B.I.A. 2002), and *In re Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002). *See In re Andazola-Rivas*, 23 I. & N. Dec. at 321–24 (denying cancellation where a single mother of two children received financial support from the father of her children, owned a home and two vehicles, and had not shown that her children would be deprived of all schooling in Mexico); *In re Recinas*, 23 I. & N. Dec. at 468–73 (granting cancellation where a single mother of six children had no family in Mexico and limited assets). We have rejected precisely that sort of argument, concluding that the BIA's later caselaw did not alter the hardship standard articulated in *Monreal-Aguinaga,* but simply applied that standard to different facts. As this Court has emphasized, "*Recinas* is so obviously an application of *Monreal-Aguinaga*, leaving the latter's standard intact, that [the] argument that the agency incorrectly relied on *Monreal-Aguinaga* rather than *Recinas* in denying [an] application for cancellation of removal does not even reach the level of being colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). The same conclusion holds true for the BIA's decision in *Andazola-Rivas*. *See* 23 I. & N. Dec. at 321–23 (stating explicitly that its analysis applies the standard set forth in *Monreal-Aguinaga*). The IJ thus did not err by relying on the standard developed in *Monreal-Aguinaga* to evaluate Petitioners' claims.

The IJ likewise did not err in concluding that Petitioners had failed to demonstrate exceptional and extremely unusual hardship. The IJ found that Petitioners' qualifying relative, their youngest child, suffers from a separation anxiety disorder and sees a cardiologist every few years because he has a small ventricular septal defect. The IJ also found that Petitioners did not provide evidence that their child's heart condition might require additional medication or surgery in the future, that medical care or therapy would be unavailable in Mexico, or that Petitioners would be destitute in Mexico. As explained above, we may not review those factual determinations. *See Wilkinson*, 601 U.S. at 225. Given those facts, specifically the lack of

4

evidence that Petitioners would be unable to support their child or obtain necessary treatment for his medical conditions, the IJ did not clearly err in concluding that Petitioners did not establish that their child would suffer a hardship substantially above the ordinary hardship of relocation.

To the extent Petitioners argue that the BIA applied an altered hardship standard by citing *In re J-J-G-*, 27 I. & N. Dec. 808 (B.I.A. 2020), that case clarified the necessary steps to establish hardship based on a serious medical condition; it did not modify the underlying hardship standard. *See In re J-J-G-*, 27 I. & N. Dec. at 811 & n.4 (explaining that when "a claim is based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country").

Petitioners also argue on appeal that that the phrase "exceptional and extremely unusual hardship" is ambiguous and urge this Court to supply a new (unspecified) standard. Assuming *arguendo* that the argument was exhausted before the agency, it fails because the statutory language is clear, and the *Monreal-Aguinaga* standard is correct. "We review the BIA's determinations of law *de novo*." *Wassily v. Bondi*, 150 F.4th 100, 104 (2d Cir. 2025). Both "exceptional" and, as qualified by "extremely," "unusual," require a level of hardship that is rare and uncommon. *See Exceptional*, Oxford English Dictionary (2d ed. 1989) ("out of the ordinary course, unusual, special" or "rare"); *Extremely*, Oxford English Dictionary (2d ed. 1989) ("[t]o the uttermost degree"); *Unusual*, Oxford English Dictionary (2d ed. 1989) ("[n]ot usual; uncommon; exceptional"). The agency thus must compare the hardship in each case "to the hardship that results in the usual, ordinary course" of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). As the BIA did just that in *Monreal-Aguinaga* and its progeny, we see no reason to disturb its formulation of the standard. *See Toalombo Yanez v. Bondi*, 140 F.4th 35, 45 (2d Cir.

2025) ("In denying relief, the IJ outlined the correct applicable legal standards, citing *In re Monreal-Aguinaga* . . . and *In re Andazola-Rivas* . . . .").

\* \* \*

Accordingly, the petition for review is **DENIED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk